UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COREY D. DAVIS                                              CIVIL ACTION

VERSUS                                                      NO. 11-2731-SS

SHERIFF MARLIN GUSMAN, ET AL.

**ORDER AND REASONS**

Plaintiff, Corey D. Davis, a state prisoner, filed this civil action challenging the conditions of his confinement within the Orleans Parish Prison system. He named as defendants Orleans Parish Sheriff Marlin Gusman and Warden C. Louque. The defendants have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] Plaintiff has opposed that motion.[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[3]

I. Summary Judgment Standards

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue"

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 33.

[3] Rec. Doc. 11.

when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

## II. Plaintiff's Claims

### A. Prison Conditions

The majority of plaintiff's claims concerned the conditions of his confinement within the Orleans Parish Prison system. Specifically, he claimed: (1) his cell was overcrowded, with twelve

to fourteen inmates in a cell meant to house only ten prisoners; (2) inmates were provided with "[v]irtually no outside recreation"; (3) fire alarms, toilets, sinks, and shower heads were inoperable; (4) there was inadequate staff to provide proper security; (5) inmates were not furnished with cleaning supplies to prevent unsanitary conditions which could breed disease; (6) inmates were required to bathe from a mop bucket with water obtained from the drinking area due to the broken shower; (7) paint was falling off the walls, including in the area where prisoners ate; (8) there was no ventilation; (9) water constantly ran from the toilet, which resulted in mildew and parasites; and (10) he had to sleep on the floor for approximately two weeks after being denied a mattress.

In his prayer for relief, plaintiff expressly requested compensatory damages. However, as the defendants correctly argue in their motion, federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because plaintiff suffered no such physical injury, he is barred from asserting claims for compensatory damages with respect to the challenged conditions. Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001).

Plaintiff also requested punitive damages. It is clear that § 1997e(e) does not bar an award of punitive damages. Hutchins v. McDaniels, 512 F.3d 193, 197-98 (5th Cir. 2007). That said, the United States Fifth Circuit Court of Appeals has explained:

> [P]unitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. The latter standard requires recklessness in its subjective form, i.e. a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations.

3

Williams v. Kaufman County, 352 F.3d 994, 1015 (5th Cir. 2003) (quotation marks and footnote omitted). Even if the conditions were as plaintiff alleges, an award of punitive damages is not warranted in this case.

Lastly, to the extent that plaintiff was also seeking injunctive relief, his request is now moot. After filing the complaint, plaintiff was transferred from the Orleans Parish Prison system, and he is currently incarcerated at the C. Paul Phelps Correctional Center in DeQuincy, Louisiana.[4] That transfer rendered moot any request for injunctive relief. Herman, 238 F.3d at 665; see also Smith v. City of Tupelo, Mississippi, 281 Fed. App'x 279, 282 (5th Cir. 2008); Roper v. Strain, Civ. Action No. 10-341, 2010 WL 923151, at *3 (E.D. La. Mar. 8, 2010).

For these reasons, plaintiff's federal civil rights claims challenging the conditions he endured during his period of incarceration within the Orleans Parish Prison system must be dismissed.

## B. Inadequate Medical Care

Plaintiff also claimed that he received inadequate medical care due to a shortage of medical staff at the jail. Specifically, he complained that he had to wait twenty-two days to see a doctor for a spider bite.

As an initial matter, as the defendants note, plaintiff has not named a proper defendant with respect to this medical claim. Clearly, Sheriff Gusman and Warden Louque cannot be held liable under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." ); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section

---

[4] Rec. Doc. 22-4; Rec. Doc. 14.

1983 does not create supervisory or *respondeat superior* liability."); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008). Rather, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Neither Gusman nor the Warden is a member of the jail's medical staff, and plaintiff does not allege that either Gusman or the Warden had any personal involvement whatsoever in the purported delay in receiving of medical attention. Therefore, they are improper defendants with respect to this claim.

Nevertheless, out of an abundance of caution, the Court notes that plaintiff's underlying claim has no merit in any event. An inmate's federal constitutional right to medical care is extremely limited. For example, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

Instead, the federal constitutional rights of an incarcerated person, regardless of whether he is a pretrial detainee or a convicted prisoner, are violated only if his *serious medical needs* are met with *deliberate indifference* on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

5

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). In his complaint, plaintiff claimed that he received inadequate medical care for a spider bite. This Court notes that it has often been held that a routine spider bite does not constitute a "serious medical need." See, e.g., Boykins v. Orangeburg County Jail, Civ. Action No. 5:12-114, 2012 WL 1835755, at *3 (D.S.C. Mar. 27, 2012), adopted, 2012 WL 1836115 (D.S.C. May 21, 2012); Hye v. Broadus, Civ. Action No. 1:08-cv-220, 2009 WL 3259130, at *12 (S.D. Miss. Oct. 8, 2009).

Nevertheless, even if plaintiff's spider bite did in fact constitute a "serious medical need," his claim still fails because he cannot establish the deliberate indifference necessary to support his claim. The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff points to no evidence in the record to support his assertions that he was denied medical care for a spider bite. Moreover, the prison medical records disprove plaintiff's claim. Those records contain no "sick call" forms requesting treatment for a spider bite. Rather, there is only a single document relating to such an injury. That record reflects that plaintiff consulted a "walking nurse" on rounds concerning a spider bite on September 30, 2011. The nurse's objective observations were as follows: "Serous sanguinous drainage from his knee warm to touch rate pain 8 on scale 1-10. I/m stated he has been squeezing drainage from his knee x 3 days." The notes further reflect that the nurse cleaned and dressed the wound and instructed plaintiff to submit sick call requests as needed for pain.[5] However, as noted, the records reflect no such sick call requests concerning the bite.

The records therefore show that plaintiff sought treatment for a spider bite on only a single occasion and immediate treatment was provided. There is no evidence that follow-up care was even sought, much less denied or medically necessary. Therefore, there is no basis on which a rational trier of fact could find deliberate indifference, and plaintiff's federal claim for inadequate medical care must be dismissed.

Out of an abundance of caution, the Court notes that, in his opposition to the motion for summary judgment, plaintiff references "negligence" and provisions of state law. However, the complaint asserts no claims under state law. Further, even if those references in the opposition are construed as amendments to the complaint, the Court declines to consider such state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over

---

[5] Rec. Doc. 22-5, p. 16.

a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, he must do so in the state courts.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment, Rec. Doc. 22, is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's federal civil rights claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's state law claims, if any, are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this second day of August, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**